1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DMITRIY YEGOROV,                              No.  2:14-cv-2185 KJM DAD PS

12                     Plaintiff,

13          v.                                      FINDINGS AND RECOMMENDATIONS

14    LEONIDA BUCHKOVSKAYA,

15                     Defendant.

16

17          Plaintiff Dmitriy Yegorov is proceeding in this action pro se.  This matter was referred to

18    the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff

19    has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

20          Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. §

21    1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis

22    status does not complete the inquiry required by the statute.  "'A district court may deny leave to

23    proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

24    the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th

25    Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See

26    also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

27    examine any application for leave to proceed in forma pauperis to determine whether the

28    proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

                                                    1

1    bound to deny a motion seeking leave to proceed in forma pauperis.").

2           Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

3    poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

4    state a claim on which relief may be granted, or seeks monetary relief against an immune

5    defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

6    arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

7    Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

8    complaint as frivolous where it is based on an indisputably meritless legal theory or where the

9    factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

10          To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

11   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

12   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

13   true the material allegations in the complaint and construes the allegations in the light most

14   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

15   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

16   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

17   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

18   conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

19   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

20          The minimum requirements for a civil complaint in federal court are as follows:

21              A pleading which sets forth a claim for relief . . . shall contain (1) a
                short and plain statement of the grounds upon which the court's
22              jurisdiction depends . . . , (2) a short and plain statement of the
                claim showing that the pleader is entitled to relief, and (3) a demand
23              for judgment for the relief the pleader seeks.

24   FED. R. CIV. P. 8(a).

25          Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

26   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

27   state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.

28   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

1    and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

2    does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

3    enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

4    557.  A plaintiff must allege with at least some degree of particularity overt acts which the

5    defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

6         Jurisdiction is a threshold inquiry that must precede the adjudication of any case before

7    the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d

8    1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate

9    only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375,

10   377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).  "Federal courts are presumed

11   to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis,

12   4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534,

13   546 (1986)).

14        Lack of subject matter jurisdiction may be raised by the court at any time during the

15   proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir.

16   1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has

17   subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the

18   obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v.

19   Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

20   cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

21        The burden of establishing jurisdiction rests upon plaintiff as the party asserting

22   jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)

23   (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

24   implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

25   within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)

26   (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly

27   insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

28   jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

1  "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction

2  . . . and may be dismissed sua sponte before service of process.").

3     Here, although the complaint is difficult to decipher, it appears that this action concerns

4  solely an alleged violation of state law.  In this regard, in his complaint plaintiff alleges as

5  follows.  The defendant, "Leonida Buchkovskaya received special training in former Soviet

6  Union how to commit provocations and conflict with people."  (Compl. (Dkt. No. 1) at 2.)

7  Defendant Buchkovskaya obtained a restraining order against plaintiff during an ongoing family

8  law action and "committed crime perjury in Superior Court State of California" and "produced

9  fraudulent testimony under oath."  (Id. at 3.)  Plaintiff's complaint then simply recounts multiple

10  specific alleged examples of the defendant's perjury followed by citations to the California Penal

11  Code.  (Id. at 4-9.)

12     Even assuming arguendo that plaintiff's complaint stated a cognizable claim for violation

13  of the California Penal Code, it would not grant this federal court subject matter jurisdiction over

14  that state law claim.  Although this court, under certain circumstances, may exercise supplemental

15  jurisdiction over state law claims the complaint must first state a cognizable federal claim.  28

16  U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir.

17  2001).  Here, plaintiff's complaint does not state any cognizable federal claim.

18     It is true that plaintiff's complaint includes a single reference to "[c]onspiracy against

19  Constitution USA. Amendment 4, 5, 14."  (Compl. (Dkt. No. 1) at 1.)  However, such vague and

20  conclusory allegations are insufficient to state a federal claim for relief.  Moreover, a litigant who

21  complains of a violation of a constitutional right does not have a cause of action directly under the

22  United States Constitution.  Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is

23  42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by

24  the United States Constitution); Chapman v. Houston Welfare Rights Org.., 441 U.S. 600, 617

25  (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for

26  violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d

27  704, 705 (9th Cir.1992) ( "Plaintiff has no cause of action directly under the United States

28  Constitution.").

4

1    Title 42 U.S.C. § 1983 provides that,

2    [e]very person who, under color of [state law] ... subjects, or causes
3    to be subjected, any citizen of the United States ... to the
     deprivation of any rights, privileges, or immunities secured by the
     Constitution and laws, shall be liable to the party injured in an
4    action at law, suit in equity, or other proper proceeding for redress.

5    In order to state a cognizable claim under § 1983 the plaintiff must allege facts

6  demonstrating that he was deprived of a right secured by the Constitution or laws of the United

7  States and that the deprivation was committed by a person acting under color of state law. West

8  v. Atkins, 487 U.S. 42, 48 (1988).  It is the plaintiff's burden in bringing a claim under § 1983 to

9  allege, and ultimately establish, that the named defendants were acting under color of state law

10 when they deprived him of a federal right.  Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

11 Here, there are no allegations in plaintiff's complaint even suggesting that the named defendant

12 was at any time acting under color of state law.[1]

13    Accordingly, plaintiff's complaint must be dismissed without prejudice for lack of subject

14 matter jurisdiction.  The undersigned has carefully considered whether plaintiff may amend the

15 complaint to state a claim over which this court would have subject matter jurisdiction.  "Valid

16 reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."

17 California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).

18 See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th

19 Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to

20 allow futile amendments).  In light of the nature of the complaint's allegations and the apparent

21 lack of subject matter jurisdiction the undersigned finds that granting leave to amend would be

22 futile in this case.[2]

23    _____

24 [1]  Although it is not clear from reading the allegations of the complaint, plaintiff's action in this
   court may also be barred under the Rooker-Feldman doctrine, the Younger abstention doctrine
25 and/or Heck v. Humphrey, 512 U.S. 477 (1994).  See generally Heck, 512 U.S. at 486-87;
   Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 431-32 (1982);
26 Reusser v. Wachovia Bank, N.A., 525 F.3d 885, 859 (9th Cir. 2008).

27 [2]  If plaintiff believes that a basis for this court's subject matter jurisdiction over this action exists
   he should assert and support any such argument in his written objections to these findings and
28 recommendations.

5

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's September 19, 2014 application to proceed in forma pauperis (Dkt. No. 2) be denied;

2.  Plaintiff's September 19, 2014 complaint (Dkt. No. 1) be dismissed without prejudice for lack of subject matter jurisdiction; and

3.  This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 8, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\yegorov2185.ifp.den.f&rs.docx

6